IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
WhitServe LLC, :
:
                Plaintiff, :     Civil Action No.
:
v. :     JURY DEMAND
:
Dennemeyer & Co. LLC; :
Dennemyer & Co. S.á r.l.; :
Ladas & Parry LLP; :
Patrix USA, Inc.; :
Patrix AB; :
PAVIS eG; :
Société pour la Gestion Automatisée des :
    Annuités; and :
Anaqua, Inc., :
:
                Defendants. :
:
---------------------------------------------------------------x

## COMPLAINT FOR INFRINGEMENT OF PATENTS

Plaintiff WhitServe LLC alleges as follows for its complaint against Defendants:

### Nature of the Action

1.     This is a civil action arising under the Patent Laws of the United States, particularly 35 U.S.C. § 271 *et seq.*, and seeking injunctive relief and damages under 35 U.S.C. §§ 283 – 285.

### The Parties

2.     WhitServe LLC ("WhitServe") is a limited liability corporation having a place of business at 986 Bedford Street, Stamford, CT 06905-5619, USA.

3. On information and belief, Dennemeyer & Co. LLC is a Virginia limited liability company having a place of business at 175 North Franklin Street, Suite 400, Chicago, IL 60606, USA.

4. On information and belief, Dennemeyer & Co. S.á r.l. is a Luxembourg corporation having a place of business at 55 rue des Bruyéres, 1274 Howald, Luxembourg.

5. On information and belief, Dennemeyer & Co. S.á r.l. controls and/or owns Dennemeyer Co. LLC (hereinafter referred to jointly as "Dennemeyer").

6. On information and belief, Ladas & Parry LLP ("Ladas & Parry") is a New York limited liability partnership having a place of business at 26 West 61ST Street, New York, NY 10023, USA.

7. On information and belief, Patrix USA, Inc. is a Delaware corporation having a place of business at 1800 Diagonal Road, Suite 600, Alexandria, VA 22314, USA.

8. On information and belief, Patrix AB is a Swedish corporation having a place of business at Bäckebols Gård 1, 422 59 Hisings Backa, Sweden.

9. On information and belief, Patrix AB controls and/or owns Patrix USA, Inc. (hereinafter referred to jointly as "Patrix").

10. On information and belief, PAVIS eG ("Pavis") is a German corporation having a place of business at Gautinger Strasse 10, 82319 Starnberg, Germany.

11. On information and belief, Société pour la Gestion Automatisée des Annuités ("SGA2") is a French corporation having a place of business at Rue M. Dormoy, France 64000 PAU.

12. On information and belief, Anaqua, Inc. is a Delaware corporation having a place of business at 745 Boylston Street, Sixth Floor, Boston, MA 02116, USA.

13. On information and belief, Anaqua merged with and/or owns and/or controls SGA2 (hereinafter referred to jointly as "Anaqua").

**Jurisdiction and Venue**

14.    This action is for damages and injunctive relief from patent infringement by Defendants and arises under the United States Patent Laws, particularly 35 U.S.C. §271 et seq. Subject matter jurisdiction is based on 28 U.S.C. §1338. Venue is based on 28 U.S.C. §1391(c).

15.    On information and belief, Defendants transact and do business in this District by, *inter alia*, having offered for sale, having sold, continuing to offer for sale, and/or continuing to sell infringing products and services in this District.

16.    On information and belief, Defendants maintain web pages that are visited by customers and potential customers in this District.

17.    Venue is proper and Defendants have submitted themselves to personal jurisdiction in this District by their systematic and continuous contacts with this District.

**The Patents**

18.    WhitServe is the owner of the entire right, title and interest in and to United States Patent No. 5,895,468 ("the '468 patent"), entitled "System Automating Delivery Of Professional Services," which was duly and legally issued by the United States Patent and Trademark Office on April 20, 1999 in the name of the inventor, Wesley W. Whitmyer, Jr.

19.    WhitServe is also the owner of the entire right, title and interest in and to United States Patent No. 6,182,078 ("the '078 patent"), entitled "System For Delivering Professional Services Over The Internet," which was duly and legally issued by the United States Patent and Trademark Office on January 30, 2001 in the name of the inventor, Wesley W. Whitmyer, Jr.

20.    The '468 and '078 patents are referred collectively herein as the "WhitServe patents."

21.     The WhitServe patents have been non-exclusively licensed for patent and trademark maintenance to Computer Patent Annuities LP and Master Data Center, Inc.  WhitServe's wholly owned subsidiary NetDocket LLC also utilizes the patented technology.

22.     Utilizing the technology of the WhitServe patents, NetDocket LLC provides law firms and corporations with a patent annuity and trademark renewal payment service.  NetDocket utilizes this technology through the website www.NetDocket.com to provide secure access to patent and trademark data without the need to install complex server or client-side applications tied to expensive yearly contracts.  The www.NetDocket.com website is marked with the WhitServe patent numbers pursuant to 35 U.S.C. § 287.

23.     WhitServe brought suit against Computer Packages, Inc. ("CPi"), a provider of intellectual property management software and patent annuity payment services, in 2006 in Connecticut District Court, alleging infringement of the WhitServe patents.  <u>WhitServe LLC v. Computer Packages, Inc.</u>, No. 3:06CV01935 (D. Conn. filed Nov. 30, 2006).  After a trial concluded May 25, 2010, a jury found that the WhitServe patents were valid and willfully infringed by CPi.  The jury found that twenty-seven (27) claims of the WhitServe patents were willfully infringed by CPi's products and services and awarded WhitServe over $8.3 million dollars in damages.

### COUNT I – Infringement of the WhitServe Patents

24.     On information and belief, Defendants have been and still are directly infringing, contributing to and/or inducing infringement of the WhitServe patents pursuant to 35 U.S.C. § 271 *et seq.* by making, selling, offering for sale, importing, supplying, supplying a component of, causing the

supply of a component of, importing the product of and/or using services and related products and/or services without the authorization of WhitServe.

25. On information and belief, Dennemeyer maintains the web page www.Dennemeyer.com, where it offers its products and services for sale. On information and belief, Dennemeyer's software products and services include DIAMS Classic, DIAMS Xe and DIAMS iQ (collectively referred to as "DIAMS").

26. On information and belief, DIAMS enables law firms and corporations to manage intellectual property such as patents and trademarks over the Internet. On information and belief, DIAMS can send reminders to customers over the Internet of upcoming payment deadlines for patent annuities and trademark renewals. On information and belief, DIAMS customers can instruct payments for patent annuities and trademark renewals over the Internet. On information and belief, Dennemeyer submits payments to applicable government agencies based upon customer instructions. Upon information and belief, DIAMS can send customers payment confirmation over the Internet by web page and by email.

27. On information and belief, DIAMS infringes one or more claims of the WhitServe patents.

28. Dennemeyer has known about its infringement at least since November 9, 2004, when WhitServe put Dennemeyer on actual notice of DIAMS' infringement of the WhitServe patents. WhitServe has sought information about Dennemeyer's products and services in order to ascertain the scope of Dennemeyer's infringement. WhitServe believes that Dennemeyer has refused to produce such information in an effort to conceal its ongoing infringement.

29. On information and belief, Ladas & Parry maintains the web page www.Ladas.com, where it offers its products and services for sale. On information and belief, Ladas & Parry's software products and services include Ladas Exchange.

30. On information and belief, Ladas Exchange enables customers to manage intellectual property such as patents and trademarks over the Internet. On information and belief, Ladas Exchange can send reminders to customers over the Internet of upcoming payment deadlines for patent annuities and trademark renewals. On information and belief, Ladas Exchange includes the Maintenance Wizard, which can display to customers all cases awaiting payment instructions. On information and belief, the Maintenance Wizard allows customers to instruct payment over the Internet for patent annuities and trademark renewals. On information and belief, Ladas & Parry submits payments to applicable government agencies based upon customer instructions. On information and belief, the Maintenance Wizard can send customers payment confirmation over the Internet by web page and by email.

31. On information and belief, Ladas Exchange infringes one or more claims of the WhitServe patents.

32. Ladas & Parry has known about its infringement at least since February 12, 2007, when WhitServe put Ladas & Parry on actual notice of Ladas Exchange's infringement of the WhitServe patents. WhitServe has sought information about Ladas & Parry's products and services in order to ascertain the scope of Ladas & Parry's infringement. WhitServe believes that Ladas & Parry has refused to produce such information in an effort to conceal its ongoing infringement.

33. On information and belief, Patrix maintains the web page www.Patrix.com, where it offers its products and services for sale. On information and belief, Patrix' software products and services include Patricia.

34.     On information and belief, Patricia enables customers to manage intellectual property such as patents and trademarks over the Internet.  On information and belief, Patricia can send reminders to customers over the Internet of upcoming payment deadlines for patent annuities and trademark renewals.  On information and belief, Patricia customers can instruct payments for patent annuities and trademark renewals over the Internet.  On information and belief, Patrix submits payments to applicable government agencies based upon customer instructions.  Upon information and belief, Patricia can send customers payment confirmation over the Internet by web page.

35.     On information and belief, Patricia infringes one or more claims of the WhitServe patents.

36.     Patrix has known about its infringement at least since May 12, 2005, when WhitServe put Patrix on actual notice of Patricia's infringement of the WhitServe patents.  WhitServe has sought information about Patrix' products and services in order to ascertain the scope of Patrix' infringement.  WhitServe believes that Patrix has refused to produce such information in an effort to conceal its ongoing infringement.

37.     On information and belief, Pavis maintains the web pages www.Pavis-Online.com, www.Pavis.com and www.IP-Pay.com, where it offers its products and services for sale.  On information and belief, Pavis' software products and services include Pavis Online and IP-Pay (collectively referred to as the "Pavis products").

38.     On information and belief, the Pavis products enable customers to instruct payment of patent annuities and trademark renewals over the Internet.  On information and belief, the Pavis products can send reminders to customers over the Internet of upcoming payment deadlines for patent annuities and trademark renewals.  On information and belief, Pavis submits payments to applicable

government agencies based upon customer instructions. On information and belief, the Pavis products can send customers payment confirmation over the Internet

39. On information and belief, the Pavis products infringe one or more claims of the WhitServe patents.

40. Pavis has known about its infringement at least since September 3, 2009, when WhitServe put Pavis on actual notice of the Pavis products' infringement of the WhitServe patents. WhitServe has sought information about Pavis' products and services in order to ascertain the scope of Pavis' infringement. WhitServe believes that Pavis has refused to produce such information in an effort to conceal its ongoing infringement.

41. On information and belief, Anaqua maintains the web pages www.Anaqua.com and www.SGA2.com, where it offers its products and services for sale. On information and belief, Anaqua's software products and services include Anaqua Express, Anaqua Enterprise and Anaqua Essential (collectively referred to herein as the "Anaqua products").

42. On information and belief, the Anaqua products enable customers to manage intellectual property such as patents and trademarks over the Internet. On information and belief, the Anaqua products can send reminders to customers over the Internet of upcoming payment deadlines for patent annuities and trademark renewals. On information and belief, the Anaqua products enable customers to instruct payment of patent annuities and trademark renewals over the Internet. On information and belief, Anaqua submits payments to applicable government agencies based upon customer instructions. On information and belief, the Anaqua products can send customers payment confirmation over the Internet

43. On information and belief, the Anaqua products infringe one or more claims of the WhitServe patents.

44. Defendants' infringement continues in willful disregard of WhitServe's rights, making this case exceptional under 35 U.S.C. § 285.

45. WhitServe has been damaged by Defendants' infringement of the WhitServe patents and claims all damages including, but not limited to, all lost profits and/or reasonable royalties.

46. The harm to WhitServe resulting from the infringing acts of Defendants is irreparable, continuing, not fully compensable by money damages, and will continue unless enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, WhitServe prays for judgment as follows:

A. That a preliminary and permanent injunction be entered against Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further infringement of the WhitServe patents.

B. That WhitServe be awarded its damages, suffered by reason of the infringement by Defendants, together with prejudgment interest.

C. That WhitServe be awarded enhanced damages pursuant to 35 U.S.C. § 284.

D. That this is an exceptional case pursuant to 35 U.S.C. § 285.

E. That WhitServe be awarded its attorneys' fees and costs.

F. That WhitServe be awarded any other and further relief that this Court may deem just and proper or otherwise permitted by law.

## JURY DEMAND

WhitServe demands a trial by jury on all claims and issues so triable.

Respectfully submitted,
WhitServe LLC

Date: July 27/2010

By: _____
Gene S. Winter, ct05137
Christopher H. Strate, ct26931
Walter B. Welsh, ct27210
Michael J. Kosma, ct27906
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: litigation@ssjr.com

Attorneys for Plaintiff